**SHERILYN PASTOR, ESQ.**
**McCARTER & ENGLISH, LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 609-6800

*Attorneys for Plaintiff, Mitchell B. Modell*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MITCHELL B. MODELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARGONAUT INSURANCE COMPANY, n/k/a ARGO GROUP, a Bermuda corporation; ERIC SPIEL, an individual,<br><br>Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

## PLAINTIFF'S COMPLAINT

Plaintiff, Mitchell B. Modell ("Modell" or "Plaintiff") by and through his undersigned attorneys, for its complaint against Argonaut Insurance Company n/k/a Argo Group ("Argo") and Eric Spiel ("Spiel") states:

## THE NATURE OF THE ACTION

1. This is an action for declaratory judgment against Argo and Spiel, and for other relief for Argo's breach and/or anticipatory breach of an insurance contract. The action concerns the interpretation of the parties' rights and obligations under the Private Company Directors and Officers Liability, Employment Practices Liability and Miscellaneous Professional Liability Insurance Policy bearing Policy No. ML7600839-5 Argo sold, here in New York, to Modell's Sporting Goods, Inc. (the "Policy"). Plaintiff is an insured under the Policy, with rights to coverage

ME1 44241227v.2

based upon a pending litigation commenced against him and others entitled *MSGI Liquidation Trust v. Mitchell Modell, et al.*, No. 22-01076 (VFP) (Bankr. D.N.J.) (the "Adversary Proceeding"). Spiel, another Defendant in the Adversary Proceeding, also is an insured under the Policy. During the course of the Adversary Proceeding, Argo agreed, subject to a reservation of rights, to defend Modell and Spiel, but Argo and Spiel have since violated the terms of the Policy to the harm of Modell and others. Despite Spiel's conduct, Argo – in violation of its Policy's terms and conditions - continues to waste the Policy's limits by providing Spiel coverage to which he is not entitled under the Policy. Given the harm to Modell, this action seeks a declaration preventing Argo from offering its remaining available limits to Spiel for defense and/or indemnity, and it seeks damages for Argo's breach and/or anticipatory breach of its insurance contract.

## PARTIES, JURISDICTION AND VENUE

2. This Court's jurisdiction is based upon 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial number of the events giving rise to the dispute occurred here, including (among others):

   a. Defendant Argo marketed, sold, issued and delivered the Policy that is the subject of this dispute to a New York insured, Modell's Sporting Goods, Inc. ("MSGI"), at what were its New York offices (498 7th Avenue, 20th Fl., New York, NY 10018);

   b. The claim for which Defendant Spiel seeks coverage under the Policy relates his alleged acts and omissions while he was working in New York for MSGI;

   c. A New York broker assisted in the Policy's placement;

    d.  Defendant Argo is licensed or authorized to issue insurance policies and it issues policies in New York, including the Policy that is the subject of this suit;

    e.  The Policy incorporates various New York Amendatory endorsements, including those relevant to this dispute;

    f.  According to the Policy, issues respecting allocation of insurance proceeds (also in dispute, here) are to be governed by New York law;

    g.  The alleged acts and omissions triggering the Policy's coverage were those of Defendant Spiel, while he was working for MSGI in New York;

    h.  The claim for which Defendant Spiel seeks coverage under the Policy relates to his alleged acts and omissions while he was working in New York for the Policy's First Named Insured; and,

    i.  Various of the Defendants' failures, breaches, and/or misconduct occurred in New York.

4.    Plaintiff Modell, an insured under the Policy, is a resident of Florida.

5.    Defendant Argo is a corporation organized under the laws of the State of Illinois, with a principal place of business at 175 E. Houston Street, Suite 1300 225 W. Washington Street, 24th Floor, San Antonio, TX 78205 Texas. Argonaut is licensed to transact, and transacts, business in the State of New York.

6.    Defendant Spiel, an insured under the Policy and is a resident of New Jersey.

## ALLEGATIONS COMMON TO ALL COUNTS

7.    MSGI owned and operated a chain of retail sporting goods stores with locations in New York and elsewhere.

ME1 44241227v.2

8. At all times relevant to the Complaint, Plaintiff acted as the Chief Executive Officer of MSGI and Spiel acted as the Chief Financial Officer of MSGI.

9. On March 11, 2020 (the "Petition Date"), MSGI filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

10. On November 13, 2020, the Bankruptcy Court entered an order confirming the Chapter 11 Plan of MSGI. As part of that plan, a liquidating trust was created and a liquidating trustee was appointed for receiving and administering the assets for the liquidating trust (the "Liquidating Trustee").

11. Prior to the Petition Date, MSGI maintained director and officer liability insurance policies ("Insurance Policies") issued by Argo as follows:

| Insurer | Policy Number | Policy Term | Applicable Policy Limits |
| --- | --- | --- | --- |
| Argo | ML 7600839-5 ("Primary Policy")[1] | 3/1/2019- 4/1/2026 | $5,000,000 |

12. Modell is an Insured Person under the Insurance Policies.

13. The Insurance Policies provide coverage to MSGI's directors and officers, including Modell and Spiel, and include an express priority of payments provision that requires that the Insurance Policies' proceeds be paid to directors and officers coverage ahead of any entity or corporate coverage. *See* Policy, Section IV.D.

---

[1] A true and correct copy of Argo's Policy is annexed hereto as Exhibit A.

4

14. On or about March 10, 2022, the Liquidation Trustee filed the Adversary Proceeding against, among others, Modell and Spiel, in their respective capacities as former officers and/or directors of the MSGI.

15. Timely notice of the covered claims was given to the Insurers.

16. Argo accepted its coverage obligations to Modell, and the other Insured Persons, including Mr. Spiel (albeit subject to a reservation of rights).

17. In doing so, Argo advised and represented that "Endorsement No. 1 [its Policy's New York Amendatory Endorsement] provides that notwithstanding the **Insurer's** [Argo's] right and duty to defend any **Claim** under this **Coverage Section,** the **Insureds** shall have the option to . . . consent to a settlement." It repeated this representation in September 2022.

18. Argo also advised and represented that the Policy mandates that the Insured(s) shall do nothing that shall prejudice the Insurer's position or its potential rights of recovery; and, shall not undertake to negotiate to settle or settle a Claim or admit any liability without Argo's prior written consent.

19. Consistent with its insurance obligations, Argo began reimbursing Modell and Spiel's defense fees and expenses in connection with the Liquidation Trustee's pre-filing investigation and their defense of the claims asserted in the Adversary Proceeding.

20. The parties to the Adversary Proceeding agreed to attend, with Argo, a mediation in September 2022, conducted by retired New York Bankruptcy Judge Robert E. Gerber.

21. In recent representations to the Bankruptcy Court, the Liquidation Trustee represented that before that mediation, "Mr. Spiel and the Liquidation Trustee exchanged informal discovery and position papers regarding the merits of, inter alia, the Spiel Claims" in the Adversary Proceeding.

22. In the positions papers, Spiel made various admissions of liability against his own interests and against Modell's interests to the Liquidation Trustee, without prior notice to the Insurers, Modell and the other Insured Person, and without the Insurers' prior written consent to such admissions of liability.

23. Spiel and/or his counsel shared the position papers with the Liquidation Trustee before or at the same time the position papers were first shared by them with the Insurers and Modell.

24. A complete copy of the Policy is attached as Exhibit A.

25. Section IV.C. of the Policy, as amended by Endorsement 22, provides, in relevant part:

> **The Insured(s) shall do nothing that shall prejudice the Insurer's position or its potential rights of recovery. The Insured(s) shall not undertake to negotiate to settle, offer to settle, or settle any Claim, incur any Defense Costs or otherwise assume any contractual obligation, admit any liability, or stipulate to any judgment with respect to any Claim without the Insurer's prior written consent,** such consent not to be unreasonably withheld. The failure of any Insured Person to comply with the provisions of this subsection shall not be imputed to any other Insured Person. **Any Defense Costs incurred or settlements made without the Insurer's prior written consent shall not be covered under this Coverage Section**.

Exhibit A, Section IV.C (as amended, emphasis added).

26. Spiel made admissions of liability against his own interests and against Modell's interests to Liquidation Trustee's counsel, without prior notice to the Insurers, Modell and the other Insured Person.

27. Spiel's accusations and admissions of liability were prejudicial to his interests and the interests of the other Insured Persons, including Modell, and ultimately, prejudicial to the defense provided by Argo and the overall interests of the Insurance Companies.

ME1 44241227v.2

28.     Before making any admission of liability, the Policy required Spiel get the written consent of Argo, which he did not.

29.     In and after September 2022, when Modell became aware of Spiel's conduct and admissions, his counsel put the Insurers on notice of it and his objections to it.

30.     In September 2022, Argo's representatives advised Modell's counsel that it did not know of the contents of the positions papers and Spiel's admissions before they were shared with the Liquidation Trustee, and Argo never provided prior written consent as required by the Insurance Policies.

31.     Despite Spiel's conduct, Argo continues to pay Spiel's defense, eroding the available limits under its Policy for insureds, including Modell.

32.     Argo has done so voluntarily and without reasonable basis under its Policy, thereby wasting the limits available under the Policy for Mr. Modell.

33.     On February 1, 2023, the Liquidating Trustee and Spiel executed a Settlement Agreement which requires Spiel to cause Argo to pay $2,800,000 to the Liquidating Trustee, continuing to cooperate with the Liquidating Trustee, in exchange for Spiel's dismissal from the Adversary Proceeding with mutual releases.

34.     The Policy requires Argo seek and obtain Modell's consent to settlements to be funded by it under the Policy.

35.     Endorsement 1 to the Policy, its New York Amendatory Endorsement, provides that the Insureds shall have the option to consent to a settlement.  *See* Exhibit A at Endorsement 1.

36.     Argo represented to Modell's counsel that its Policy has an express consent right as respects settlements, including any reached by Spiel.

37. Despite Modell's consent rights, the Policy's terms and Argo's representations, Argo never sought or obtained Modell's consent to pay the settlement reached by Spiel.

38. In these circumstances, the Spiel settlement is not reasonable.

39. Argo nonetheless has expressed its intention to fund the settlement, thereby further improperly depleting and wasting its Policy's available limits.

## COUNT I
### (For Declaratory Relief – Argo & Spiel)

40. Modell repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

41. Spiel alleges that the Policy permits Argo to pay Spiel's proposed settlement with the Liquidating Trustee.

42. Argo alleges that the Policy permits it to pay Spiel's proposed settlement and his defense, depleting available Policy limits despite Modell's lack of consent and Spiel's conduct.

43. An actual, present and justiciable controversy exists between Plaintiff and Defendants with respect to the parties' respective duties and obligations to each other and under the Argo policy.

44. The issuance of relief by this Court will resolve the existing controversy between the parties.

45. Modell respectfully requests declaration that Argo has no right or obligation to pay Spiel's settlement and further defense, but if Argo does, such payments will not reduce Argo's available policy limits. Those limits will remain available to Modell (and other insureds).

## COUNT II
### (Breach of Contract - Argo)

ME1 44241227v.2

46. Modell repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

47. Argo has failed and refused to honor its duties and obligations to Modell under the Policy.

48. In doing so, it has breached and plans to continue to breach its contract and obligations to Modell.

49. As a direct and proximate result of Argo's actual and anticipated contract breaches, Modell has suffered damage and Modell has incurred and will continue to incur substantial costs and damages including, among others, amounts spent defending (and if and as appropriate, resolving) the Adversary Litigation, as well as the costs and expenses of prosecuting this coverage action to protect his rights.

## **RELIEF REQUESTED**

Plaintiff respectfully requests that the Court enter a judgment in his favor and against Argo and Spiel (a) declaring that any amounts Argo pays on behalf of Spiel (including those for defense and indemnity) are not covered by the Policy; and (b) awarding Plaintiff such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: New York, New York                         Respectfully submitted,
      February 22, 2023

*Sherilyn Pastor*
_____
Sherilyn Pastor, Esq. (2688816)
McCarter & English LLP
*Attorneys for Plaintiff Mitchell B. Modell*